IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMAL GAZA, *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:24-cv-3503 |
| MARCO RUBIO | ) |
| Defendant. | ) |

**DEFENDANT'S AMENDED REQUEST FOR PRE-MOTION CONFERENCE**

Pursuant to section 7.f of the Court's Standing Order in Civil Cases, Defendant Marco Rubio respectfully amends his request for a pre-motion conference prior to moving to dismiss Plaintiffs' Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiffs are four individuals residing in the West Bank and Gaza, along with three U.S. relatives of individuals residing therein. Am. Compl. ¶¶ 5-17. They claim a fear of "death, injury, repeated displacement, and property loss at the hands of abusive Israeli security forces units," *e.g.*, *id.* ¶ 5, or a loss of consortium "through the prospective deaths of or injury to relatives," *e.g.*, *id.* ¶ 15. Their Amended Complaint brings three counts under the Administrative Procedure Act (APA), alleging that Defendant violated the Leahy Law (section 620M of the Foreign Assistance Act of 1961) in providing security assistance to Israel. *Id.* ¶¶ 82-94. They seek declaratory and injunctive relief, along with an order compelling compliance with the Leahy Law. *Id.* at 39-40.

At the outset, Plaintiffs cannot establish Article III standing for these claims. To demonstrate standing, Plaintiffs must plead three "constitutional minimum" elements: an (1) injury in fact that is (2) traceable to the action of the defendant and (3) likely to be redressed by a court's decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs fail the first prong of the standing inquiry because their alleged injury is neither "concrete" nor "imminent." *Id.* Plaintiffs

allege that they fear death, injury, or loss of consortium because the United States is providing security assistance to Israel. *E.g.*, Am. Compl. ¶¶ 5, 15. But courts have recognized that "the specific fear arising from a foreign policy, no matter how severe a plaintiff's disagreement with that foreign policy may be, cannot constitute injury-in-fact without a concrete harm." *See, e.g.*, *Bernstein v. Kerry*, 962 F. Supp. 2d 122, 127 (D.D.C. 2013), *aff'd* 584 F. App'x 7 (D.C. Cir. 2014). Although Plaintiffs allege past harms suffered at the hands of the Israeli military, Am. Compl. ¶¶ 5, 7-9, 12-13, 15-16, allegations of past harm are not enough to establish the type of imminent future injury necessary for an injunction, *City of Los Angeles v. Lyons*, 461 U.S. 95, 104-05 (1983).

Nor can Plaintiffs establish traceability. Plaintiffs must establish that it is "substantially probable that the challenged acts of the defendant, not some absent third party" causes their injury. *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996). Plaintiff can only speculate that the injuries alleged in the Amended Complaint were caused by the provision of U.S. security assistance to Israel. *E.g.*, Am. Compl. ¶ 19. It is entirely conjectural to suggest that, in the absence of U.S. security assistance, Israel will act any differently during its military campaign in the West Bank or Gaza, much less that a different course of action will prevent Plaintiffs' subjective fears. Because a plaintiff may not "rely on speculation about the unfettered choices made by independent actors not before the courts," *Clapper v. Amnesty Int'l*, 568 U.S. 398, 415 n.5 (2013), and must show that the "agency action is at least a substantial factor motivating the third parties' actions," *Tozzi v. U.S. Dep't of Health & Human Servs.*, 271 F.3d 301, 308 (D.C. Cir. 2001), Plaintiffs fail to demonstrate traceability.

Similarly, Plaintiffs cannot demonstrate that their alleged injury is redressable. It must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. But it is "nothing more than conjecture" to claim that enjoining U.S.

security assistance will reduce military operations allegedly causing harm, "or plaintiffs' subjective fears." *Bernstein*, 962 F. Supp. 2d at 129; *Aerotrade, Inc. v. Agency for Int'l Develp.*, 387 F. Supp. 974, 975-76 (D.D.C. 1974) (concluding that it was uncertain whether enjoining U.S. assistance to Haiti would aid the plaintiffs or would "drive Haiti into even greater intransigence"). Moreover, Plaintiffs seek an injunction "prohibiting Defendant from providing any U.S. assistance to Israeli security units which credible information establishes have committed unremediated [gross violations of human rights (GVHR)]." Am. Compl. at 40 (Prayer for Relief (d)). This is nothing more than "a generalized injunction to obey the law," *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1137 (D.C. Cir. 2009); *see* 22 U.S.C. § 2378d, and such a request underscores that Plaintiffs "have not met their burden to show redressability." *Johnson v. Becerra*, 668 F. Supp. 3d 14, 21-22 (D.D.C. 2003), *aff'd* 111 F.4th 1237 (D.C. Cir. 2024). Because Plaintiffs cannot establish standing, this Court should dismiss Plaintiffs' Complaint. Fed. R. Civ. P. 12(b)(1).

Plaintiffs' claims also cannot succeed on the merits. Plaintiffs bring three claims under the APA: two claims under 5 U.S.C. § 706(2)(A) and one claim under 5 U.S.C. § 706(1). Both provisions require Plaintiffs to identify a "discrete" agency action; a "broad programmatic attack" on an "agency's compliance with a statutory scheme" will not do. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 891 (1990). Here, Plaintiffs broadly challenge *all* security assistance to Israel, along with Defendant's entire process for reviewing reports of GVHRs committed by Israeli security force units. Am. Compl. ¶¶ 82-94. Instead of identifying a discrete action, Plaintiffs have brought an undifferentiated challenge to all Israeli security assistance, and "demand a general judicial review of the [State Department's] day-to-day operations." *Lujan*, 497 U.S. at 899. The APA does not grant federal courts that power. *Id.*

Additionally, the APA does not provide a cause of action in cases where the challenged

3

agency action is committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(2). In evaluating this standard, courts look to statutory language as well as the nature of the agency decision. *See Drake v. FAA*, 291 F.3d 59, 70 (D.C. Cir. 2002). The text of the Leahy Law leaves considerable discretion to the Secretary to decide whether there is credible information that a particular unit committed a GVHR, and grants the Secretary the authority to "determine" whether a foreign country has taken "effective steps" to remediate a GVHR. *See* 22 U.S.C. § 2378d(a)-(b). Thus, the statutory text leaves these determinations to the discretion of the Secretary, and not a court. *L. Assist. for Vietnamese Asylum Seekers v. Dep't of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997). Moreover, the nature of this action counsels against review. "By long-standing tradition, courts have been wary of second-guessing executive branch decision involving complicated foreign policy matters." *Id.*[1] The Court should thus dismiss all Plaintiffs' claims. *Id.*

Furthermore, in Count I, Plaintiffs fail to plausibly allege that Defendant is violating the Leahy Law. As discussed, the Leahy Law requires the Secretary to make a judgment whether "credible information" establishes that a security unit has committed a GVHR and, if so, whether the country has remediated those actions. *See* 22 U.S.C. § 2378d(a)-(b). Plaintiffs' complaint acknowledges that Defendant is doing exactly that. *See* Am. Compl. ¶ 32 (alleging that the State Department has a working group to review "reports of GVHRs committed by Israeli security force units" and whether these actions have been remediated). The Court should thus dismiss Count I for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the foregoing reasons, the Secretary plans to move to dismiss this action.

---

[1] For similar reasons, the political question doctrine precludes review of this matter. *Baker v. Carr*, 369 U.S. 186, 217 (1962) (holding that a court is barred from considering a claim where there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department[] or a lack of judicially discoverable and manageable standards for resolving it").

Dated: April 7, 2025                     Respectfully submitted,

                                               YAAKOV M. ROTH,
*Acting Assistant Attorney General*,
*Civil Division*

ALEXANDER K. HAAS
*Director*

LAUREN A. WETZLER
*Deputy Director, Federal Programs Branch*

*/s/ Garry D. Hartlieb*
GARRY D. HARTLIEB  (IL Bar No. 6322571)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-0568
Email: garry.hartlieb2@usdoj.gov

*Counsel for Defendant*